## Nolan v. Nolan

*Miller Alanson Johnson*, for complainant.

*Clair Groover*, for defendant.

GILBERT, P. J., December 20, 1948.—In plaintiff's bill in equity he contends that, while in the armed service of the United States, during World War II he forwarded to his wife, defendant, at Mifflinburg, Pa., money, with which to purchase United States Govern-

ment bonds, and that she did purchase such bonds for a total of over $4,000, in the joint names of plaintiff and defendant, and kept those bonds in a safe deposit box in the Mifflinburg Bank and Trust Company.

Since the bonds were purchased the parties to this suit have separated and are divorced.

Plaintiff now demands an accounting by defendant for the bonds, or the value thereof, claiming that he, plaintiff, has a one-half interest therein.

Defendant denies that these bonds were held by them as tenants by entireties, and owned by them jointly, and avers they were purchased with money she earned as a teacher, and money she inherited.

She avers that the money she received from the United States Government was not plaintiff's money, but was paid to her by the Government to maintain his family, and was used by her for that purpose.

She further avers that she gave plaintiff a number of these bonds.

The above is a short summary of the disputed facts in this action.

In her answer to the bill defendant included *new matter*, alleging that plaintiff had possession of an *automobile,* of which a one-half interest belonged to defendant, because of a joint title; and she further demanded reimbursement of *divorce costs* assessed against plaintiff, but paid by her.

Plaintiff moves to strike this *new matter* from the answer because:

"1. That portion of the answer entitled 'new matter' is not in accordance with the requirements of Rule 52 of the Pennsylvania Rules of Equity Practice.

"2. That portion of the answer entitled 'new matter' does not have a direct relation to any of the causes of action set forth in the bill of complaint filed in this cause.

"3. That portion of the answer entitled 'new matter' arises out of distinct matters, and is not confined to the subject matter of the original bill of complaint filed in this action."

Equity Rule 52 contains the following provisions:

"After fully answering the allegations of the bill, defendant *may under the specific heading 'new matter', aver such additional facts, having a direct relation to any of the causes of action set forth in the bill."*

Plaintiff's sole complaint in the bill in equity is that he has a half interest in *United States Government bonds.* Defendant's "new matter" complains that she has a half interest in an *automobile* in plaintiff's possession, and demands reimbursement of *divorce costs* paid.

In defendant's brief a number of cases are cited which allow a set-off, in assumpsit, of debt against debt, a counterclaim, regardless of the origin of defendant's set-off, being of an extrinsic nature, and not "having a *direct relation to any of the (plaintiff's) causes of action."*

However, in assumpsit, we have no such restrictions as contained in Equity Rule 52.

Under the provisions of Equity Rule 52 the "new matter", alleged by defendant, must have a *"direct relation"* to United States Government bonds, they forming the sole and entire basis of plaintiff's complaint.

A claim of having an interest in an *automobile,* or for reimbursement of *divorce costs* paid, has no "direct relation" to the disputed ownership of Government *bonds, therefore, the "new matter" alleged by defendant is in violation of Equity Rule 52, and is hereby stricken from the answer:* Phipps v. Kent, 1 Chester 158; Sears v. Scranton Trust Co., 228 Pa. 126; Myers v. Minnich, 5 D. & C. 386; 21 C. J. 508.

Now, December 20, 1948, exception noted for defendant, and bill sealed.